**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT JACKSON,                          :          Civil No. 3:23-cv-2111
                                         :
              Plaintiff                  :          (Judge Mariani)
                                         :
      v.                                 :
                                         :
JACOB DAVIS, *et al.*,                   :
                                         :
              Defendants                 :

**MEMORANDUM**

Plaintiff Robert Jackson ("Jackson"), an inmate housed at the State Correctional

Institution, Coal Township, Pennsylvania ("SCI-Coal Township"), initiated this civil rights

action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended

complaint against Food Service Instructor Jacob Davis, Food Service Instructor Shane

Schell, Food Service Supervisor Corey Swartz, Correctional Officer Shultz, Correctional

Officer Yetter, Correctional Officer Briner, and Correctional Officer Tieon. (Doc. 27).

Presently before the Court is Jackson's motion (Doc. 65) to compel discovery and

motions (Docs. 68, 80) for default judgment due to Defendants' alleged failure to

comply with discovery requests. For the reasons set forth below, the Court will deny each

motion.

I.    **Factual Background & Procedural History**

In the amended complaint, Jackson asserts that he was employed as an inmate

kitchen employee at SCI-Coal Township. (Doc. 27 ¶ 11). On April 16, 2022, Jackson

alleges that he was walking in the kitchen and crossed paths with Defendant Davis. (*Id.* ¶¶ 12, 13). Defendant Davis allegedly "forcefully and violently shoulder bumped Plaintiff, causing Plaintiff to fall off balance." (*Id.* ¶ 14). Jackson immediately reported the incident to Defendant Swartz and requested to no longer work with Defendant Davis. (*Id.* ¶ 16). Defendant Swartz allegedly ignored Jackson's complaint and request and ordered Jackson to return to work for Defendant Davis. (*Id.* ¶¶ 17, 18). Jackson "refused the order to continue to work with Davis." (*Id.* ¶ 19). The following day, Jackson asserts that he reported to work in the kitchen, but a supervisor informed him that he was being "'laid-in' due to his complaint about the incident with Defendant Davis from the previous day." (*Id.* ¶ 21). Approximately three to four months later, Jackson was instructed to return to work in the kitchen and was informed that Defendant Davis no longer worked in the kitchen. (*Id.* ¶ 22).

Jackson next alleges that on August 12, 2022, Defendant Schell issued a misconduct against him "in retaliation for Plaintiff's allegations against Defendant Davis." (*Id.* ¶ 25).

Jackson also alleges that Defendant Schell directed him and two other inmates to clean an area of the kitchen. (*Id.* ¶ 26). Jackson allegedly informed Defendant Schell that he already cleaned that area. (*Id.*). Five minutes later, other inmates poured water on the floor so that Jackson had to re-clean the area. (*Id.* ¶ 27). Before Jackson could clean the area, a food service instructor ordered him to return to his housing unit. (*Id.* ¶¶ 28, 29). On

August 13, 2022, Jackson received a misconduct charging him with refusing a direct order and refusing to work. (*Id.* ¶ 30). On August 23, 2022, Jackson was found guilty of refusing to obey an order but was found not guilty of refusing to work. (*Id.* ¶ 31). As a result of the misconduct, Jackson alleges that he was relieved of his work assignment in the kitchen. (*Id.* ¶ 32).

Jackson asserts that he filed his initial Section 1983 complaint against Defendants Davis and Swartz on January 16, 2024. (*Id.* ¶ 33). He further asserts that on January 26, 2024, Defendants Shultz, Yetter, Briner, and Tieon conducted a random search of his cell and trashed his cell. (*Id.* ¶¶ 34, 36, 37). On February 4, 2024, Jackson filed a grievance against Defendants Shultz, Yetter, Briner, and Tieon, asserting that they retaliated against him for filing a lawsuit against Defendants Davis and Swartz. (*Id.* ¶ 38).

Based on these allegations, Jackson asserts that Defendant Davis violated his Eighth Amendment right against cruel and unusual punishment, that Defendant Swartz was deliberately indifferent when he attempted to force Jackson to work with Defendant Davis, and that Defendants Schell, Shultz, Yetter, Briner, and Tieon retaliated against him. (*Id.* ¶¶ 47, 52, 54, 56).

Jackson filed the instant motion to compel wherein he seeks an Order directing Defendants to answer or object to his interrogatories. (Doc. 65). He also filed two motions for default judgment due to Defendants' alleged failure to comply with discovery requests. (Doc. 68, 80). The motions are ripe for resolution.

3

## II.    Legal Standards

### A.    Motion to Compel

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case... Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking

discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

B.      Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Clerk of Court must enter default before a party may seek default judgment by motion to the Court. FED. R. CIV. P. 55(b)(1).

A failure to provide discovery or to comply with a court order to do so may also fairly be viewed as a failure to defend, which justifies an entry of a default judgment under Federal Rule of Civil Procedure 55(b)(2). *See, e.g., Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear…, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

5

## III.    Discussion

Jackson asserts that Defendants did not timely respond to his interrogatories and seeks an Order compelling Defendants to respond to his discovery requests. (Doc. 65). He also seeks default judgment based on Defendants' alleged failure to comply with discovery requests. (Docs. 68, 80). Defendants argue that Jackson's motion to compel must be denied for failure to comply with the Local Rules and, additionally, the motion to compel must be denied as moot because Defendants have provided responses to the discovery requests. (Doc. 94, at 3-5). Defendants further argue that Jackson's motions for default judgment must be denied. (*Id.* at 5-6).

### A.    Motion to Compel

In the motion to compel, Jackson contends that Defendants failed to timely answer or object to his interrogatories. (Doc. 65).

#### 1.    Local Rules 7.5 and 5.4(c)

Defendants first maintain that Jackson's motion to compel should be denied because of his failure to comply with applicable rules, including Local Rules 7.5 and 5.4(c). (Doc. 94, at 3-4).

As an initial matter, the Court observes that Jackson failed to file a brief in support of his motion as required by Local Rule 7.5, which permits the Court to deem his motion withdrawn. *See* M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion…If a supporting brief is

6

not filed within the time provided in this rule the motion shall be deemed to be withdrawn."). Jackson was provided with a copy of the Local Rules and specifically the requirements of Local Rule 7.5. (*See* Doc. 5-3, providing excerpts of the Federal Rules of Civil Procedure and the Local Rules of Court, including Local Rule 7.5). Given Jackson's failure to comply with Local Rule 7.5, his motion to compel may be deemed withdrawn. However, because the Court finds below that Defendants have provided responses to Jackson's discovery requests, his motion to compel will be denied without prejudice as moot.

Defendants also argue that Jackson failed to comply with the requirements of Local Rule 5.4(c). (Doc. 94, at 4). Local Rule 5.4(c) provides that "[i]f relief is sought under any of the Federal Rules of Civil Procedure, a copy of the discovery matters in dispute shall be filed with the court contemporaneously with any motion filed under these rules by the party seeking to invoke the court's relief." M.D. Pa. L.R. 5.4(c). On October 6, 2025, Jackson filed his motion to compel, wherein he asserts that Defendants failed to respond to the interrogatories he submitted to Defendants on July 29, 2025. (Doc. 65). While the Court recognizes that Jackson did not contemporaneously file a copy of the discovery matters in dispute with his motion to compel, Jackson previously filed, on the docket, a copy of his July 29, 2025 interrogatories. (Doc. 61). Accordingly, the Court declines to deny Jackson's motion to compel on the basis that he failed to comply with Local Rule 5.4(c).

### 2.    Mootness

Defendants next maintain that Jacon's motion to compel must be denied as moot because they have provided the necessary responses to his discovery requests. (Doc. 94, at 4-5). Specifically, Defendants assert that they responded to Jackson's discovery requests on February 4, 2026. (Id.). Defendants have submitted a copy of their responses for the Court's review. (Docs. 94-1, 94-2, 94-3). In light of Defendants' representation that they have "in good faith" provided responses to Jackson's discovery requests, the Court will deny the motion to compel without prejudice as moot. (See Doc. 94, at 5).

### B.    Motions for Default Judgment

Finally, Defendants argue that Jackson's motions for default judgment should be denied. (Doc. 94, at 5-6). While Jackson contends that he did not timely receive Defendants' responses to his discovery requests, the record demonstrates that Defendants have provided responses. (See Docs. 94-1, 94-2, 94-3).

The inability during the discovery period to obtain information from a defendant regarding pertinent issues is obviously prejudicial to a plaintiff in his attempt to prosecute his claim. See Adams v. Trustees, N.J. Brewery Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (prejudice encompasses deprivation of information from non-cooperation with discovery). However, this is not a situation where Defendants failed to provide discovery. It does not appear that Defendants have been recalcitrant. Nor does it appear that Defendants have

8

persistently failed to honor discovery obligations. The Court thus finds that Jackson is not entitled to default judgment.

## IV.   **Conclusion**

Consistent with the foregoing, the Court will deny Jackson's motion to compel and motions for default judgment. (Docs. 65, 68, 80).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June ___17___, 2026

9